UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLSTAR MARKETING GROUP, LLC,<br><br>                              Plaintiff,<br>                -v-<br><br>53 ROMANTIC HOUSE STORE, et al.,<br><br>                              Defendants. | 20 Civ. 9072 (PAE)<br><br>ORDER |

PAUL A. ENGELMAYER, District Judge:

The Court has received a notice of appearance by defendant Ningbo East Cleaning Tool Co. Ltd. ("Ningbo"), expressing its intention to appear *pro se* in this action, Dkt. 20, and a subsequent Answer purporting to respond to plaintiff's complaint, Dkt. 21.

Business entities cannot represent themselves, but instead require representation by counsel.  *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) ("[A] layperson may not represent a separate legal entity such as a corporation.").  That rule "applies equally to all artificial entities."  *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993); *id.* ("28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."); *see also Omega Consulting v. Farrington Mfg. Co.*, 604 F. Supp. 2d 684, 684 (S.D.N.Y. 2009) ("Federal law, however, is clear that a company may not appear pro se but rather must be represented by counsel.").  Accordingly, should Ningbo wish to defend itself in this action, it must retain a licensed attorney as counsel.  Otherwise, it risks facing an application for a default judgment, which, if in good order, the Court would be obliged to enter.  *See, e.g.*, *Grace v. Bank Leumi Tr. Co. of NY*, 443 F.3d 180, 192 (2d Cir. 2006).

SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Dated: November 30, 2020
       New York, New York